USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/13/2023

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BAKEMARK USA LLC,

                            Plaintiff,

v.

BRIAN NEGRON, JOSE NEGRON JR, BAKERS DEPOT LLC, and NF TRANSPORTATION LLC,

                            Defendants.

1:23-cv-02360-AT

**STIPULATED PROTECTIVE ORDER**

**ANALISA TORRES, United States District Court Judge.**

      The Court having found that good cause exists for issuance of an appropriately tailored confidentiality order governing the pre-trial phase of this action, and the parties having stipulated to the following provisions, it is hereby ORDERED that any person subject to this Order – including without limitation the parties to this action, their attorneys, representatives, agents, experts and consultants, acting as such, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Order shall adhere to the following terms, upon pain of contempt:

**Discovery Materials May Be Designated as Confidential**

      1.    Any person or party (hereinafter referenced as a person, party or both) subject to this Order who receives from any other person any "Discovery Material" (*i.e.*, information of any kind provided in the course of discovery in this action) that is designated as "Confidential" or "Attorneys' Eyes Only" (in either case, "Confidential Discovery Material") pursuant to the terms of this Order shall not disclose such Confidential Discovery Material to anyone else except as expressly permitted hereunder.

      2.    The person producing Discovery Material may designate as "Confidential"

any portion thereof that contains non-public business, commercial, financial, or personal information, the public disclosure of which is either restricted by law or would likely, in the good faith opinion of the producing person, seriously harm the producing person's business, commercial, financial, or personal interests or cause the producing person to violate his, her, or its privacy or confidentiality obligations to others.

3. The person producing Discovery Material may designate as "Attorneys' Eyes Only" any portion thereof that contains information that such party believes in good faith constitutes or contains trade secrets or confidential or competitively sensitive business information or methodologies.

4. With respect to the confidential portion of any Discovery Material other than deposition transcripts and exhibits, the producing person or that person's counsel may designate such portion as "Confidential" or "Attorneys' Eyes Only" by stamping or otherwise clearly marking as "Confidential" or "Attorneys' Eyes Only" the document or protected portion in a manner that will not interfere with legibility or audibility. Deposition testimony may be designated as "Confidential" or "Attorneys' Eyes Only" either on the record during the deposition or in writing within five (5) business days of receipt of the transcript. If so designated, the final transcript of the designated testimony shall be bound in a separate volume and marked "Confidential Information Governed by Protective Order" by the reporter.

5. If at any time prior to the trial of this action, a producing person realizes that some portion of Discovery Material that that person previously produced without limitation should be designated as "Confidential" or "Attorneys' Eyes Only," the producing person may so designate that portion by promptly notifying all parties in writing. Such designated portion of the Discovery Material will thereafter be treated as Confidential or Attorneys' Eyes Only (as the case may be)

under the terms of this Order.  In addition, the producing person shall provide each other party with replacement versions of such Discovery Material that bears the "Confidential" or "Attorneys' Eyes Only" designation within two (2) business days of providing such notice.

**Who May Receive Confidential Materials**

      6.      No person subject to this Order, other than the producing person, shall disclose any Confidential Discovery Material to any other person whomsoever, except to:

- (a) the parties to this action;
- (b) outside counsel for the parties, including any paralegal, professional personnel, clerical or other assistant employed by such counsel and assigned specifically to work on this action;
- (c) as to any document, its author, its addressee, and any other person shown on the face of the document as having sent or received a copy;
- (d) any witness who counsel for a party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed hereto;
- (e) any person retained by a party in good faith to serve as an expert witness or consultant or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed hereto;
- (f) stenographers and video technicians engaged to transcribe or record depositions conducted in this action;
- (g) independent photocopying, graphic production services, or other litigation support services employed by the parties or their counsel to assist in this

action, including computer service personnel performing duties in relation to a computerized litigation system;

(h) the Court and its staff; and

(i) any other person whom the producing person, or other person designating the Discovery Material "Confidential," agrees in writing may have access to such Confidential Discovery Material.

7. Notwithstanding the foregoing paragraph, no person subject to this Order, other than the producing person, shall disclose any Discovery Material that has been designated as "Attorneys' Eyes Only" to any other person whomsoever, except to:

(a) outside counsel for the parties, including any paralegal, professional personnel, clerical or other assistant employed by such counsel and assigned specifically to work on this action;

(b) as to any document, its author, its addressee, and any other person shown on the face of the document as having sent or received a copy;

(c) any person retained by a party in good faith to serve as an expert witness or consultant or otherwise provide specialized advice to outside counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed hereto;

(d) stenographers and video technicians engaged to transcribe or record depositions conducted in this action;

(e) independent photocopying, graphic production services, or other litigation support services employed by the parties or their counsel to assist in this action, including computer service personnel performing duties in relation

                to a computerized litigation system;

     (f)     the Court and its staff; and

     (g)     any other person whom the producing person, or other person designating the Discovery Material "Attorneys' Eyes Only," agrees in writing may have access to such Discovery Material.

8.     Prior to the disclosure of any Confidential Discovery Material to any person referred to in subparagraphs 6(d), 6(e) or 7(d) above, such person shall be provided by counsel with a copy of this Protective Order and shall sign a Non-Disclosure Agreement, in the form annexed hereto, stating that that person has read this Order and agrees to be bound by its terms. Counsel shall retain each signed Non-Disclosure Agreement, hold it in escrow, and, upon request by opposing counsel, produce it to all parties prior to such person being permitted to testify at deposition or trial.

9.     If a person to whom the disclosure of Confidential or Attorneys' Eyes Only Discovery Material fails or refuses to sign the Non-Disclosure Agreement, the parties shall work cooperatively to obtain a prompt hearing before the Court.

10.     For sake of clarity, extracts, summaries, compilations, notes, copies, electronic images or databases of Confidential or Attorneys' Eyes Only Discovery Material shall also be treated in accordance with the provisions of this Order.

**Filing Confidential Materials in this Action**

11.     Any person who either objects to any designation of confidentiality, or who, by contrast, requests still further limits on disclosure, may at any time prior to the trial of this action serve upon the designating person and all other parties a written notice identifying by Bates number all documents that are the subject of the notice or describing with particularity any other Discovery

Material that is the subject of the notice, and stating with particularity the grounds of the objection or request. If agreement cannot be reached promptly, counsel for all affected persons shall request a joint telephone call with the Court to obtain a ruling.

12. Notwithstanding the designation of material as "Confidential" or "Attorneys' Eyes Only" in discovery, there is no presumption that such Confidential Discovery Material will be filed with the Court under seal. The parties shall follow Parts IV.A.i and IV.A.ii of Judge Torres' Individual Practices with respect to pretrial requests for filing under seal. All parties shall use best efforts to avoid having to file with the Court Discovery Material that has been designated as "Attorneys' Eyes Only" unless strictly necessary. Any party that determines that it is strictly necessary to file with the Court Discovery Material that has been designated as "Attorneys' Eyes Only" shall seek the Court's permission to file such material under seal.

13. All persons are hereby placed on notice that the Court is unlikely to seal or otherwise afford confidential treatment to any Discovery Material introduced in evidence at trial, even if such material was previously designated as "Confidential" or "Attorneys' Eyes Only" or sealed during pretrial proceedings.

14. Each person who has access to Confidential Discovery Material shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

**Inadvertent Disclosure of Privileged Materials**

15. If, in connection with this litigation, and despite having taken reasonable steps to prevent the disclosure of information that it claims is subject to a claim of attorney-client privilege or attorney work product, a producing person inadvertently discloses information subject to a claim of attorney-client privilege or attorney work product protection ("Inadvertently Disclosed Information"), such disclosure, in itself, shall not constitute or be deemed a waiver or

forfeiture of any claim of privilege or work product protection with respect to the Inadvertently Disclosed Information and its subject matter.

16. If a disclosing person makes a claim of inadvertent disclosure, all receiving persons shall, within five (5) business days, return or destroy all copies of the Inadvertently Disclosed Information, and provide a written representation by counsel that all such information has been returned or destroyed.

17. Within five (5) business days of the notification that such Inadvertently Disclosed Information has been returned or destroyed, the disclosing person shall produce a privilege log with respect to the Inadvertently Disclosed Information.

18. If a receiving person thereafter moves the Court for an order compelling production of the Inadvertently Disclosed Information, that motion shall be filed under seal, and shall not assert as a ground for entering such an order the mere fact of the inadvertent production. The disclosing person retains the burden of establishing the privileged or protected nature of any Inadvertently Disclosed Information. Nothing in this Order shall limit the right of any party to request an *in camera* review of the Inadvertently Disclosed Information.

19. If a party is served with a subpoena or an order issued in a separate litigation or proceeding that would compel the disclosure of any Confidential Discovery Material, the party must so notify the party that produced the requested Discovery Material, in writing, immediately and in no event more than five (5) business days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order, unless otherwise protected from disclosure. The party that receives the subpoena or court order also shall promptly inform the party that caused the subpoena or order to issue, in writing, that some or all of the material covered by the subpoena or order is the subject of this Order and deliver a copy of this Order. The purpose of

imposing these duties is to alert the interested persons to the existence of this Order and to afford the designating party in this case an opportunity to try to protect its Confidential Discovery Material in the court from which the subpoena or order issued. The designating party shall bear the burden and the expense of seeking protection in that court of its Confidential Discovery Material, and nothing in these provisions should be construed as authorizing or encouraging a receiving party in this action to disobey a lawful directive from another court. The obligations set forth in this paragraph remain in effect while the party has in its possession, custody or control Confidential Discovery Material of the other parties.

**Termination of the Litigation**

20. This Protective Order shall survive the termination of the litigation. Within 30 days of the final disposition of this action, including any appeals, all Confidential Discovery Material and all copies thereof, shall be promptly returned to the producing person, or, at the option of the receiving person, destroyed. Notwithstanding anything to the contrary herein, counsel of record for the parties may retain Confidential Discovery Material constituting, containing, or incorporated in work product, e-mail, pleadings, motion papers, discovery responses, deposition transcripts, and deposition and trial exhibits. In addition, notwithstanding anything to the contrary herein, a receiving person may retain any Confidential Discovery Material that it is required to retain by any governmental agency or regulatory authority.

21. During the pendency of this case only, this Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

[SIGNATURES ON FOLLOWING PAGE]

SO STIPULATED AND AGREED.

| NORTON ROSE FULBRIGHT US LLP | COLE SCHOTZ P.C. |
|---|---|
| By: */s/ Judith Archer* <br> Judith A. Archer <br> 1301 Avenue of the Americas <br> New York, New York 10019-6022 <br> Telephone: (212) 318-3000 <br> judith.archer@nortonrosefulbright.com <br><br> *Attorneys for Plaintiff* | By: */s/ Jason Finkelstein* <br> Jason Finkelstein <br> 25 Main Street <br> Hackensack, New Jersey 07601 <br> Telephone: 201-525-6293 <br> jfinkelstein@coleschotz.com <br><br> *Attorneys for Defendant* |

SO ORDERED.

Dated: April 13, 2023
       New York, New York

_____
ANALISA TORRES
United States District Judge