UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  05/12/2023
```

BAKEMARK USA LLC,

                    Plaintiff,

          -against-

BRIAN NEGRON, et al.,

                    Defendants.

23-CV-2360 (AT) (BCM)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge.**

For the reasons discussed during today's discovery conference, it is hereby ORDERED that:

1.      <u>April 2, 2021 Temporal Restriction</u>

No later than May 19, 2023:

    a.      The corporate defendants shall produce documents responsive to RFPs 1, 3-4, 7, and 9-10, if any, dating back to January 1, 2020.

    b.      The individual defendants shall produce documents responsive to RFPs 1-4, 8, and 10, if any, dating back to January 1, 2020.

2.      <u>Defendants' RFP 10</u>

No later than May 19, 2023, plaintiff shall:

    a.      Produce all versions of its employee handbook provided from January 1, 2020 through the present to employees who worked at its New York facility for any portion of that time. For avoidance of doubt: if an employee was provided with a handbook in 2020 while working for plaintiff at a different facility, and was transferred to the New York facility in 2021, plaintiff must produce the version provided to that employee in 2020 (as well as any version provided to the same employee after the transfer).

    b.      Produce all employment agreements or other contracts containing confidentiality provisions entered into from January 1, 2020 to the present between plaintiff and all employees who worked at plaintiff's New York facility for any portion of that time. For avoidance of doubt: if an employee entered into a contract containing a confidentiality provision in 2020, while working for plaintiff at a different facility, and was transferred to the New York facility in 2021, plaintiff must produce the 2020 contract (as well as any responsive contract entered into with the same employee after the transfer).

c.      Make reasonable efforts, in consultation with its IT personnel, to produce a list of all employees who, since January 1, 2020, had credentials to access plaintiff's PowerSell and/or NDS databases, *and* worked at the New York facility for any portion of that time. If plaintiff requires additional time to produce the list, plaintiff shall promptly so advise defendants and provide a time estimate.

3.      Custodians

a.      Defendants shall designate Wilma Negron a custodian, for discovery purposes; shall search her email account(s), cellphones(s), and other accounts and devices used in connection with defendants' business; and shall produce all non-privileged documents responsive to plaintiff's RFPs (as modified by the parties' negotiations and/or this Order) no later than May 19, 2023.

b.      Defendants' *counsel*, acting on behalf of defendants, shall request in good faith that Alfredo de Aza Pena, Dionisio Minaya, and Raul Ravelo make their cellphones available to counsel to conduct a targeted search for communications, after April 2, 2021, concerning the circumstances under which these individuals left their employment at Bakemark and became employed by defendants. If consent is obtained, responsive documents, if any, shall be produced no later than May 19, 2023. If consent is not obtained, defendants' counsel shall promptly so advise plaintiff's counsel, in writing, and shall specifically disclose when and by whom the request was made and what response was given by the employee.

4.      Additional Issues

a.      Privilege Logs. It appears that the parties have not yet agreed as to when they will exchange privilege logs and the scope of those logs. They shall do so promptly and in good faith.

b.      Prospective Customer List. Because plaintiff has designated its list of prospective customers "Attorneys' Eyes Only," in accordance with the Stipulated Protective Order (Dkt. 36), defendants' counsel (or an e-discovery vendor under the direction of counsel), rather than defendants themselves, must perform the necessary searches for responsive documents across the email account(s), cellphone(s), and other accounts and devices used by defendants' designated custodians in connection with defendants' business. Counsel shall promptly and in good faith arrange for those searches to take place and shall produce all non-privileged responsive documents. During today's conference, defendants' counsel advised the Court that this work could not be performed by May 19, 2023. Plaintiff's counsel advised that while plaintiff is unwilling to delay the preliminary injunction hearing, plaintiff is willing to accept production of any documents concerning its prospective customers after May 19, so long as production is made in advance of the date in which its reply brief is due.

As the parties are aware, they must apply to the District Judge for any modifications to the current expedited discovery schedule. (*See* Dkt. 47.)

Dated: New York, New York
       May 12, 2023

**SO ORDERED.**

**BARBARA MOSES**
**United States Magistrate Judge**