UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BAKEMARK USA LLC,

        Plaintiff,

-against-

BRIAN NEGRON, et al.,

        Defendants.

23-CV-2360 (AT) (BCM)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge.**

The Court is in receipt of six motions requesting sealing and/or redaction. *See* Dkts. 16, 64, 80, 92, 101, 108. The Court has carefully considered each request, and the documents at issue, under the standards set forth in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006), and its progeny. For the reasons that follow, the motions at Dkts. 16, 64, 80, 101, and 108 will be granted, at least in part, and the request at Dkt. 92 will be denied.

**I.    LEGAL STANDARDS**

A presumption of public access applies to "judicial documents," which are documents "relevant to the performance of the judicial function and useful in the judicial process." *Lugosch*, 435 F.3d at 119 (quoting *United States v. Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995) (*Amodeo I*)). A document is considered "relevant to the performance of the judicial function" as long as "it would reasonably have the *tendency* to influence a district court's ruling on a motion or in the exercise of its supervisory powers, without regard to which way the court ultimately rules or whether the document ultimately in fact influences the court's decision." *Brown v. Maxwell*, 929 F.3d 41, 49 (2d Cir. 2019).

When a party asks to seal or redact a judicial document to which the presumption of access attaches, "the court must first determine 'the weight of that presumption' and then 'balance competing considerations against it.'" *Brinks Glob. Servs. USA, Inc. v. Bonita Pearl, Inc.*, 2023

WL 4399042, at *2 (S.D.N.Y. July 6, 2023) (quoting *Lugosch*, 435 F.3d at 119-20). The weight of the presumption is based on "the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." *United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995) (*Amodeo II*). "The presumption is 'at its strongest' when 'the information at issue forms the basis of the court's adjudication'" and "at its weakest in documents that have only a negligible role in the performance of Article III duties." *Coscarelli v. ESquared Hosp. LLC*, 2021 WL 5507034, at *21 (S.D.N.Y. Nov. 24, 2021) (quoting *Liberty Re (Bermuda) Ltd. v. Transamerica Occidental Life Ins. Co.*, 2005 WL 1216292, at *6 (S.D.N.Y. May 23, 2005)). When balancing the presumption against the competing considerations proffered by the moving party, the court must "identify all of the factors that legitimately counsel against disclosure of the judicial document," *Mirlis v. Greer*, 952 F.3d 51, 59 (2d Cir. 2020), and determine whether the moving party has "met its burden" of demonstrating that those factors are "sufficient to overcome the presumption of access," *Bronx Conservatory of Music, Inc. v. Kwoka*, 2021 WL 2850632, at *3 (S.D.N.Y. July 8, 2021), and that the restrictions sought are "narrowly tailored to serve that interest." *Lugosch*, 435 F.3d at 120 (quoting *In re N.Y. Times Co.*, 828 F.2d 110, 116 (2d Cir. 1987)).

"'[C]ourts have long recognized the protection of trade secrets as a justification for limiting public access to judicial documents' and that '[h]arm to a litigant's competitive standing likewise constitutes a competing consideration.'" *Julian v. MetLife, Inc.*, 2021 WL 3887763, at *15 (S.D.N.Y. Aug. 31, 2021) (quoting *Sylvania v. Ledvance LLC*, 2021 WL 412241, at *15 (S.D.N.Y. Feb. 5, 2021), *leave to appeal denied sub nom. McKinney v. Metro. Life Ins. Co.*, 2021 WL 7451180 (2d Cir. Dec. 21, 2021); *see also In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*, 2014 WL 12772236, at *2 (S.D.N.Y. Nov. 5, 2014) (noting that "[t]he need to

2

protect sensitive commercial information from disclosure to competitors seeking an advantage may constitute" an interest outweighing the presumption of public access). However, to deny public access on this ground, the party seeking nondisclosure "must make a particular and specific demonstration of fact showing that disclosure would result in an injury sufficiently serious to warrant protection; broad allegations of harm unsubstantiated by specific examples or articulated reasoning fail to satisfy the test." *Ashmore v. CGI Grp. Inc.*, 138 F. Supp. 3d 329, 351 (S.D.N.Y. 2015), *aff'd*, 923 F.3d 260 (2d Cir. 2019). The Second Circuit has also instructed that "[t]he privacy interests of innocent third parties . . . should weigh heavily in a court's balancing equation." *Amodeo II*, 71 F.3d at 1050 (quoting *Gardner v. Newsday, Inc. (In re Newsday, Inc.)*, 895 F.2d 74, 79-80 (2d Cir. 1990)); *see also Dodona I, LLC v. Goldman, Sachs & Co.*, 119 F. Supp. 3d 152, 156-57 (S.D.N.Y. 2015) (collecting cases and holding that "sensitive personal information of current and former employees" of third parties, including their compensation, "overcomes the presumption of public disclosure").

## II.   SEALING REQUESTS

### A.   Plaintiff's Motion dated March 20, 2023 (Dkt. 16)

Plaintiff BakeMark USA LLC (BakeMark) seeks leave to redact portions of its Complaint (Dkt. 1), its Memorandum of Law in Support of its Motion for a Temporary Restraining Order, Preliminary Injunction, and Expedited Discovery (Memorandum) (Dkt. 9), the affidavits of BakeMark executive Jeff Allen (Dkt. 11) and BakeMark investigator Thomas Feeney (Dkt. 12), and Exhibits F, M, O, U, and Z to the Feeney Affidavit. (Dkts. 12-6, 12-13, 12-15, 12-21, and 12-26). Additionally, plaintiff requests that the Court permanently seal Exhibit K to the affidavit of BakeMark manager Carlos Afonso (Dkt. 10-11) and Exhibit A to the Allen Affidavit (Dkt. 11-1). *See* 3/20/23 Mem. (Dkt. 17) at 2. Plaintiff filed the unredacted versions of these documents under seal at Dkt. 18. Defendants do not oppose any of plaintiff's requests.

Plaintiff's proposed redactions to the Complaint, Memorandum, and Allen Affidavit all pertain to the purchase price that BakeMark paid to acquire Sidco Food Distribution Corp. (Sidco) in 2021. 3/20/23 Mem. at 4. The remaining terms of the acquisition are available on the public docket. The proposed redactions to the Feeney Affidavit and its associated exhibits pertain to "license plate numbers of private individuals, including the Individual Defendants," Brian Negron and Jose Negron Jr., which are "private personal information." *Id.* at 4-5. The documents sought to be sealed or redacted are all judicial documents as to which the presumption of access is strong. However, the information that plaintiff proposes to redact is "not relevant to the parties' legal dispute and implicate[s] legitimate privacy interests," *SOHC, Inc. v. Zentis Sweet Ovations Holding LLC*, 2014 WL 5643683, at *5 (S.D.N.Y. Nov. 4, 2014), and the redactions are narrowly tailored to conceal only the Sidco purchase price and the license plate information. "[C]ourts in this District routinely permit parties to seal or redact commercially sensitive information in order to protect confidential business and financial information." *In re B & C KB Holding GmbH*, 2023 WL 2021299, at *1 (S.D.N.Y. Feb. 14, 2023). Courts also permit "the filing under seal of documents that include personal data." *Id*. Consequently, plaintiff's targeted redactions to the Complaint, Memorandum, and Allen Affidavit are approved.

The exhibits that plaintiff seeks to maintain entirely under seal are (i) Exhibit K to the Afonso Affidavit, which is a price list proprietary to defendant Bakers Depot LLC (Bakers Depot), and (ii) Exhibit A to the Allen Affidavit, which is the unredacted Sidco asset purchase agreement. 3/20/23 Mem. at 3-4. For the same reasons set forth above, the parties' "need to protect sensitive commercial information from disclosure to competitors seeking an advantage" overcomes the presumption of public access, *In re Keurig*, 2014 WL 12772236, at *2, and plaintiff's sealing requests are also approved.

4

Accordingly, plaintiff's motion dated March 20, 2023, is GRANTED. The unredacted versions of the foregoing documents, filed at Dkt. 18, will remain sealed.

**B.      Defendants' Letter-Motion dated June 5, 2023 (Dkt. 64)**

Defendants seek leave to redact (i) portions of Exhibits C, I, and M to the declaration of Brian Negron (Dkts. 64-7 through 64-9), (ii) the entirety of Exhibits 1 through 5 to the declaration of the Jason R. Finkelstein, Esq. (Dkts. 64-2 through 64-6), and (iii) the portions of their Memorandum of Law in Opposition to Plaintiff's Motion for Preliminary Injunction (Dkts. 64-1) that discuss the aforementioned redacted exhibits. *See* 6/5/23 Ltr. (Dkt. 64) at 1. Defendants filed the unredacted versions of these documents under seal at Dkt. 71 (the B. Negron Declaration), Dkt. 66 (the Finkelstein Declaration), and Dkt. 65 (the Memorandum of Law).

Defendants explain that Exhibit I to the B. Negron Declaration "contains information about a [Bakers Depot] customer that was not identified in the Complaint . . . as well as sensitive information relating to the amount of business done by and between Bakers Depot and the customers identified in Plaintiff's Complaint," which, defendants assert, "would harm Bakers Depot's competitive standing in the industry" if made public. 6/5/23 Ltr. at 1-2. The Court agrees that defendants have a competitive interest in protecting the details of sales made to non-party customers barely one year ago. As to customers named in the Complaint, defendants' proposed redactions obscure only the dollar amounts of the sales. As to other customers, defendants have redacted both the names of the customers and the dollar amounts of the sales. These redactions are narrowly tailored to safeguard defendants' competitive interests and are approved.

Exhibits C and M to the B. Negron Declaration, and Exhibits 1-5 to the Finkelstein Declaration, all "contain information that Plaintiff may consider confidential (*e.g.*, its salary-related information, price lists, or other documents that have otherwise been marked as 'Confidential' or 'Attorneys' Eyes Only' by Plaintiff)," but that defendants themselves consider to

be "stale and otherwise not entitled to any protection." 6/5/23 Ltr. at 1. Thus, in accordance with Moses Ind. Prac. § 3(f), defendants made a *pro forma* sealing request as to these documents and notified plaintiff that it had three days to "take a position on the matter." *Id.*

In its own letter, filed on June 8, 2023, plaintiff asserted that "[s]ome of these documents should remain under seal," but others need not. 6/8/23 Ltr. (Dkt. 74) at 1. Plaintiff requested that the unredacted version of Exhibit C to the Negron Declaration remain under seal because it contains compensation information regarding a non-party, non-witness BakeMark employee, and that the unredacted version of Exhibit M to the Negron Declaration likewise remain under seal because it contains an image of a relatively recent order from a non-party BakeMark customer, including the "items ordered, amounts ordered, and pricing information." 6/8/23 Ltr. at 2.

As to the exhibits attached to the Finkelstein Declaration, plaintiff contends that Exhibit 1, which is the entire transcript of Carlos Afonso's deposition, totaling 371 pages, should remain sealed. 6/8/23 Ltr. at 2-3. BakeMark argues that defendants should never have filed the entire transcript, because § 5.2 of this District's ECF Rules & Instructions limit exhibits to "only those excerpts of the referenced documents that are relevant to the matter under consideration by the court." *Id.* at 3. Plaintiff then identifies the portions of the Afonso deposition transcript actually cited in defendants' memorandum, and consents "to hav[ing] the entire pages of these excerpts filed publicly in their entirety." *Id.* Plaintiff raises no objections to the public filing of Exhibits 2 through 5 of the Finkelstein Declaration. *Id.*

Plaintiffs have not demonstrated an adequate basis to justify sealing the balance of the Afonso deposition transcript, a judicial document that the Court reviewed in full, and to which a strong presumption of public access applies. Accordingly, no later than **January 23, 2024**, plaintiff shall propose specific redactions to the transcript, narrowly tailored to protect only the information

in which it may have an interest in nondisclosure sufficient to outweigh the presumption of public access. Once the Court has ruled on plaintiff's proposed redactions to the Afonso transcript, it will revisit the issue of what redactions are appropriate to the defendants' Memorandum of Law.

Otherwise, I find plaintiff has shown a sufficient basis to justify its proposed redactions, and accordingly, defendants' motion is GRANTED IN PART. As to the B. Negron Declaration, Exhibits C, I, and M will remain redacted. As to the Finkelstein Declaration, Exhibit 1 (Dkt. 66-1) will remain sealed, and Exhibits 2-5 (Dkts. 66-2 through 66-5) will be unsealed.

### C. Plaintiff's Letter-Motion dated June 12, 2023 (Dkt. 80)

Plaintiff seeks leave to redact portions of the Declaration of Judith A. Archer (Dkt. 79), portions of Exhibits A and S thereto (Dkts. 79-2, 79-20), and portions of its Reply Memorandum of Law (Dkt. 77). 6/12/23 Ltr. (Dkt. 80) at 1. Plaintiff filed the unredacted versions of these documents under seal at Dkts. 81-1, 81-2, 81-20, and 81, respectively. Additionally, plaintiff seeks to maintain under seal the entirety of Exhibits X through AC, AL, AO, and AS to the Archer Declaration (Dkts. 79-25 through 79-30, 79-39, 79-42, 79-46). *Id.* Plaintiff filed these documents under seal at Dkts. 81-24 through 81-30, 81-39, 81-40, and 81-44. Finally, plaintiff makes a *pro forma* sealing request regarding Exhibits B through R, T, V, W, AD through AK, and AP through AR to the Archer Declaration (Dkts. 79-3 through 79-19, 79-21, 79-23, 79-24, 79-31 through 79-38, 79-43 through 79-45), which it filed under seal (at Dkts. 81-3 through 81-19, 81-21 through 81-23, 81-31 through 81-38, and 81-41 through 81-43) because defendants designated these documents as confidential or attorneys' eyes only (AEO) during discovery, but notes that it is up to defendants to "take a position on the sealing of such documents." *Id.* at 3.

Plaintiff explains that Exhibit A to the Archer Declaration "contains license plate numbers associated with non-parties and the individual defendants," and that Exhibit S contains pricing

information for freight services that plaintiff purchased, "as well as confidential order information BakeMark placed with a vendor" (which appears to be quantities of baking supplies ordered). 6/12/23 Ltr. at 1-2. Further, plaintiff explains that it seeks to seal the entirety of Exhibits X through AC, AL, AO, and AS, because they are invoices and spreadsheets that contain commercially sensitive information such as customer order information (including quantities, prices, and BakeMark's profit margins on the orders), customer names, and the customer assignments of BakeMark's salespeople. *See id.* at 2.

Defendants, in a letter dated June 15, 2023, request that the documents they designated as either confidential or AEO remain under seal (except for Exhibits K and AG to the Archer Declaration, which defendants agree can be filed publicly). 6/15/23 Ltr. (Dkt. 82) at 3. With respect to Exhibits D-J, L, N-R, T, V, W, AD-AF, AH-AK, and AP-AR to the Archer Declaration, defendants argue generally that they should remain "permanently sealed and/or redacted" because they "contain information concerning numerous customers, vendors, and potential customers" of both Bakers Depot and defendant JB Freight, LLC (JB Freight), and some of them "also include sensitive information relating to the prices charged by and paid by JB Freight and Bakers Depot[.]" *Id.* at 2.[1] Defendants add that Exhibit AF "contains username and password information" to their servers. *Id.* As to Exhibits B and C to the Archer Declaration, which contain excerpts of the depositions of Brian Negron and Jose Negron, Jr., respectively, defendants identify specific pages containing "either confidential personal information . . . or other sensitive commercial information that, if disclosed, would provide JB Freight and/or Bakers Depot's competitors with an 'unearned advantage.'" *Id.* at 2-3 (quoting *S.E.C. v. Telegram Grp. Inc.*, 2020 WL 3264264, at *3 (S.D.N.Y.

---

[1] Defendants state that Exhibit M was marked confidential by plaintiff, not by them, and they take no position on sealing or redacting it. 6/15/23 Ltr. at 2 n.1.

8

June 17, 2020)). Defendants do not otherwise object to the unsealing of these deposition transcripts.

I find that plaintiff has shown sufficient grounds to justify its redactions to Exhibits A and S to the Archer Declaration and the continued sealing of Exhibits X-AC, AL, AO, and AS. However, defendants have offered only "broad allegations of harm unsubstantiated by specific examples or articulated reasoning," *Ashmore v. CGI Grp. Inc.*, 138 F. Supp. 3d at 351, to justify either redacting or sealing Exhibits D-J, L, N-R, T, V, W, AD-AE, AH-AK, and AP-AR to the Archer Declaration. Moreover, they have failed to explain why sealing these filings in their entirety, instead of redacting commercially sensitive within them, is necessary to safeguard their interests. *See City of Providence v. BATS Glob. Mkts., Inc.*, 2022 WL 539438, at *4-5 (S.D.N.Y. Feb. 23, 2022) (denying request to maintain filings under seal in their entirety where redactions sufficiently safeguarded interests in privacy and competitive standing). Accordingly, no later than **January 23, 2024**, defendants shall propose specific redactions to Exhibits D-J, L, N-R, T, V, W, AD-AE, AH-AK, and AP-AR to the Archer Declaration, narrowly tailored to protect only the information that cannot be disclosed without causing competitive harm. Once the Court has ruled on these proposed redactions, it will revisit the issue of what redactions are appropriate to the Archer Declaration and plaintiff's Reply Memorandum.

Plaintiff's motion is therefore GRANTED IN PART. Because neither plaintiff nor defendants seek to seal or redact Exhibits K, M, or AG to the Archer Declaration (Dkts. 81-12, 81-14, and 81-34, respectively), they will be unsealed.

### D.     Plaintiff's Letter-Motion dated July 31, 2023 (Dkt. 92)

In connection with plaintiff's letter objecting to defendants' designation of Matthew Blauvelt as a witness (Dkt. 91), plaintiff filed Exhibit A to that letter (an excerpt of the deposition of Brian Negron dated May 11, 2023) only under seal. (Dkt. 93.) In its accompanying *pro forma*

sealing motion, plaintiff explains that it did so because "the entire deposition has been designated confidential." 7/31/23 Ltr. (Dkt. 92) at 1. However, plaintiff states, it "does not believe the excerpted portions contain information which should be filed under seal." *Id*.

Although plaintiff notified defendants that they had three days to request the sealing of the deposition transcript excerpt, defendants did not respond. I note as well that the portion of the transcript filed under seal at Dkt. 93 is *not* included in defendants' June 15, 2023 list of deposition pages that contain confidential or sensitive information. *See* 6/15/23 Ltr. at 2. Accordingly, plaintiff's motion is DENIED, and the deposition transcript excerpt at Dkt. 93 will be unsealed.

E.  **Plaintiff's Letter-Motion dated September 1, 2023 (Dkt. 101)**

Plaintiff has redacted, from its Proposed Findings of Fact (Dkt. 100), two references to the price BakeMark paid to acquire Sidco. In its letter-motion, plaintiff reiterates that it considers the purchase price "sensitive commercial information." 9/1/22 Ltr. (Dkt. 101) at 1. Defendants do not oppose plaintiff's request. For the same reasons set forth in Part II(A), *supra*, plaintiff's motion is GRANTED, and the unredacted version of plaintiff's Proposed Findings of Fact (Dkt. 102) will remain sealed.

F.  **Joint Letter-Motion dated September 18, 2023 (Dkt. 108)**

Plaintiff and defendants jointly propose limited redactions to the transcript of the evidentiary hearing held on August 28 and 29, 2023. (Dkts. 108-1 and 108-2.) The unredacted transcripts (which are consecutively paginated) are filed under seal at Dkts. 104 and 106. The parties' redactions pertain to (i) "the price which BakeMark paid to acquire Sidco," (ii) "JB Freight's confidential business strategies," and (iii) "references to the margins at which particular customers purchase from BakeMark." 9/18/23 Ltr. (Dkt. 108) at 1.

Given the parties' competitive interest in the information they seek to redact, the information's minimal relevance to the dispute before the Court, and the targeted nature of the

10

proposed redactions, their joint motion is GRANTED. The unredacted versions of the transcript at Dkts. 104 and 106 (as well as the highlighted versions that the parties filed at Dkts. 109 and 109-1) will remain sealed.

### G. The Report and Recommendation

On January 12, 2024, the undersigned Magistrate Judge issued a Report and Recommendation (Report) regarding plaintiff's motion for a preliminary injunction. (Dkt. 112.) Because portions of the Report discuss materials that were filed under seal, the Report itself has initially been filed under seal. No later than **January 23, 2024**, the parties shall advise the Court, by letter, whether they believe any redactions are required to the Report before it is unsealed.

### III. CONCLUSION

For the foregoing reasons, the motions at Dkts. 16, 101, and 108 are GRANTED; the motions at Dkts. 64 and 80 are GRANTED IN PART; and the motion at Dkt. 92 is DENIED. The Clerk of Court is respectfully directed to close all of the foregoing motions and to unseal the filings at Dkts. 66-2, 66-3, 66-4, 66-5, 81-12, 81-14, 81-34, and 93.

Dated: New York, New York  
       January 16, 2024

SO ORDERED.

_____  
**BARBARA MOSES**  
**United States Magistrate Judge**