UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:   2/1/2024

BAKEMARK USA LLC,

Plaintiff,

-against-

BRIAN NEGRON, et al.,

Defendants.

23-CV-2360 (AT) (BCM)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge.**

In an Order dated January 16, 2024 (1/16/24 Order) (Dkt. 113), the Court required the parties to: (i) propose specific redactions to certain documents that were the subject of previous sealing motions; and (ii) advise the Court whether they believe any redactions are required to the Report and Recommendation regarding plaintiff's motion for a preliminary injunction (Dkt. 112). *See BakeMark USA LLC v. Negron*, 2024 WL 182505, at *4-5 (S.D.N.Y. Jan. 16, 2024). The Court is now in receipt of the parties' letter-motions, dated January 23, 2024, proposing specific redactions to the aforementioned documents. *See* Def. Mtn. (Dkt. 114); Pl. Mtn. (Dkt. 116).

The Court has carefully considered the requests under the standards set forth in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006) and its progeny, which were recently recapitulated in the 1/16/24 Order. For the reasons that follow, both motions will be granted.

**<u>Plaintiff's Motion</u>**

The 1/16/24 Order required plaintiff to "propose specific redactions to the transcript" of the deposition of Carlos Afonso, attached as Exhibit 1 to the Declaration of Jason R. Finkelstein, Esq. (Dkt. 70) and filed under seal at Dkt. 66-1. *BakeMark*, 2024 WL 182505, at *3. Plaintiff BakeMark USA LLC (BakeMark) now seeks leave "to redact limited portions of Afonso's deposition that discuss vendor information such as identities, products provided, and the prices

charged by BakeMark's vendors, and salary information for one former employee," Pl. Mtn. at 1, and it filed a version of the transcript with the proposed redactions at Dkt. 116-1.

"The need to protect sensitive commercial information from disclosure to competitors seeking an advantage may" may overcome "the presumptive First Amendment interest in public access" that attaches to judicial documents, such as Afonso's deposition transcript. *In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*, 2014 WL 12772236, at *2 (S.D.N.Y. Nov. 5, 2014). This is particularly true where, as here, the information is "not relevant to the parties' legal dispute and implicate[s] legitimate privacy interests," *SOHC, Inc. v. Zentis Sweet Ovations Holding LLC*, 2014 WL 182505, at *5 (S.D.N.Y. Nov. 4, 2014), such as the "privacy interests of innocent third parties," which "should weigh heavily in a court's balancing equation." *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995).

Because the information plaintiff seeks to redact is not particularly relevant to the parties' dispute, contains relatively recent and sensitive commercial information, and implicates the potential privacy interests of third parties, I find that plaintiff has shown a sufficient basis to justify the targeted redactions it has proposed. Accordingly, plaintiff's motion is GRANTED, and the unredacted version of Afonso's deposition transcript will remain sealed.

### Defendant's Motion

The 1/16/24 Order required defendants to "propose specific redactions to Exhibits D-J, L, N-R, T, V, W, AD-AE, AH-AK, and AP-AR" to the Declaration of Judith A. Archer (Dkt. 79), "narrowly tailored to protect only the information that cannot be disclosed without causing competitive harm." *BakeMark*, 2024 WL 182505, at *4.[1] Defendants now "consent to the

---

[1] The exhibits are filed under seal at Dkts. 81-5 through 81-11, 81-13, 81-15 through 81-19, 81-21 through 81-23, 81-31, 81-32, 81-35 through 81-38, and 81-41 through 81-43.

unsealing of Exhibits E-J, L, N-R, T, V, AD-AF, and AH," but "request leave to permit Exhibits D, W, AI, AK, AP, AQ, and AR . . . to be redacted to protect any customer names and/or contact information, sales information, payment terms, and dollar amounts of sales not otherwise publicly disclosed in this action." Def. Mtn. at 2. Defendants filed, under seal, versions of the seven exhibits it seeks to redact, with proposed redactions highlighted. (*See* Dkts. 115 through 115-6.)

Exhibit D, an "Accounts Receivables Report," lists invoices of sales made from August to October 2022. Defendants seek to redact customer names and contact information, customer credit limits, and the amounts of past sales and accounts receivable. (*See* Dkt. 114-1.) Exhibits W, AK, AP, and AQ are all email communications between Bakers Depot LLC (Bakers Depot) employees and customers from December 2022 to May 2023. Defendants seek to redact the names and contact information of customer representatives and customer order information (such as quantities and prices). (*See* Dkts. 114-2, 114-4 through 114-6.) Exhibit AI contains text messages from Xiomara Silva to Brian Negron on May 11, 2023, in which Silva texts Negron the inventories of various customer orders. Defendants seek to redact only the names of the customers. (*See* Dkt. 114-3.) Lastly, Exhibit AR, an "Invoice Register," lists invoices billed to various Bakers Depot customers – including some who have not been publicly identified as such – from October to December 2022. Defendants seek to redact only the dollar amounts of each invoice. (*See* Dkt. 114-7.)

"[C]ourts in this District routinely permit parties to seal or redact commercially sensitive information in order to protect confidential business and financial information." *In re B & C KB Holding GmbH*, 2023 WL 2021299, at *1 (S.D.N.Y. Feb. 14, 2023). Because the information defendants seek to redact is not particularly relevant to the parties' dispute and contains relatively recent and sensitive commercial information, and the proposed redactions are "narrowly tailored to protect only the information that cannot be disclosed without causing competitive harm,"

*BakeMark*, 2024 WL 182505 at *4, I find that defendants have shown a sufficient basis to justify the targeted redactions they have proposed. Accordingly, defendants' motion is GRANTED, and the unredacted versions of Exhibits D, W, AI, AK, AP, AQ, and AR to the Archer Declaration will remain sealed.[2]

### Defendants' Memorandum of Law

In the 1/16/24 Order, the Court reserved on redactions proposed by defendants to portions of their Memorandum of Law in Opposition to Plaintiff's Motion for Preliminary Injunction (Dkt. 64-1), until it ruled on plaintiff's proposed redactions to the Afonso transcript. *See BakeMark*, 2024 182505, at *3. Because defendants' Memorandum of Law does not draw from any of the redacted portions of the Afonso transcript, no later than **February 8, 2024**, defendants shall file, on the public docket, a version of its Memorandum of Law without redactions pertaining to the Afonso transcript.

### Archer Declaration and Plaintiff's Reply Memorandum

In the 1/16/24 Order, the Court reserved on redactions to the Archer Declaration and plaintiff's Reply Memorandum of Law (Dkt. 77) until it ruled on defendants' proposed redactions to Exhibits D-J, L, N-R, T, V, W, AD-AE, AH-AK, and AP-AR to the Archer Declaration. *See BakeMark*, 2024 182505, at *4. Because neither party seeks to redact Exhibits E-J, L, N-R, T, V, AD-AF, or AH to the Archer Declaration, no later than **February 8, 2024**, plaintiff shall file, on the public docket, versions of the Archer Declaration and its Reply Memorandum of Law without

---

[2] Defendants note that Exhibit AR to the Archer Declaration is the same document as Exhibit I to the Declaration of Brian Negron, which the Court permitted to be filed with redactions to "both the names of the customers and the dollar amounts of the sales." *BakeMark*, 2024 WL 182505, at *2; *see* Def. Mtn. at 2 n.1. Accordingly, the Court also approves the more limited redactions sought here.

redactions pertaining to these Exhibits, or to information in Exhibits D, W, AI, AK, AP, AQ, and AR that is not redacted.

## <u>Report and Recommendation</u>

In the 1/16/24 Order, the Court required the parties to, no later than January 23, 2024, "advise the Court, by letter, whether they believe any redactions are required to the Report before it is unsealed." *BakeMark*, 2024 WL 182505, at *5. Plaintiff did not state whether it believes any redactions are required, and defendants expressed that they did not believe any redactions are required. *See* Def. Ltr. at 2. Accordingly, the Court has unsealed the Report and Recommendation.

## <u>Conclusion</u>

For the foregoing reasons, the motions at Dkts. 114 and 116 are GRANTED. The Clerk of Court is respectfully directed to close those motions and to unseal the filings at Dkts. 81-6 through 81-11, 81-13, 81-15 through 81-19, 81-21 through 81-22, 81-31 through 81-33, and 81-35.

Dated: New York, New York
        February 1, 2024

**SO ORDERED.**

**BARBARA MOSES**
**United States Magistrate Judge**