USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __8/27/2024__

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BAKEMARK USA LLC,

    Plaintiff,

  -against-

BRIAN NEGRON, et al.,

    Defendants.

23-CV-2360 (AT) (BCM)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge.**

  The Court has received and reviewed the parties' joint status letter dated August 22, 2024. 08/22/24 Ltr. (Dkt. 124). Plaintiff BakeMark USA LLC (BakeMark) states that it intends to pursue its damages claims against individual defendants Brian Negron and Jose Negron in arbitration, and that it is "exploring" the legal bases for a motion to compel corporate defendants Bakers Depot, LLC (Bakers Depot) (currently the subject of Chapter 11 proceeding in the United States Bankruptcy Court for the District of New Jersey and hence protected by the bankruptcy stay) and JB Freight LLC (JB Freight) to arbitrate as well. However, BakeMark does not provide any timeline for its efforts to move all or some of the defendants into arbitration. Defendants, for their part, note that Bakers Depot and JB Freight did not sign arbitration agreements, and suggest that they will oppose any motion to compel those corporate defendants to arbitrate. Meanwhile, defendants propose that this Court refer the parties to mediation. BakeMark, however, states that mediation would likely be ineffective until it has obtained a more robust response to various discovery requests it made to BakeMark in the Bankruptcy Court. Once again, BakeMark does not provide any estimate as to when it expects that discovery dispute to be resolved.

  Judge Moses will hold a conference on **September 5, 2024, at 10:00 a.m.**, in Courtroom 20A of the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, New York 10007. At the conference, the parties should be prepared to discuss:

- The status of the bankruptcy proceeding, including the parties' expectations as to when the above-referenced discovery dispute will be resolved, when a plan of reorganization will be approved, and when the automatic stay will be lifted;

- Next steps in this Court if the dispute is *not* referred to mediation, keeping in mind that a party may be "deemed to have waived its right to arbitration if it engages in protracted litigation that results in prejudice to the opposing party." *Kingston v. Latona Trucking, Inc.*, 159 F.3d 80, 83 (2d Cir. 1998) (quotation marks and citation omitted); *see also Pacelli v. Augustus Intel., Inc.*, 459 F. Supp. 3d 597, 614 (S.D.N.Y. 2020) (a party may be deprived of its contractual right to arbitration if it "prejudiced the other side by taking advantage of the tools of litigation and by delaying the motion to compel arbitration") (cleaned up).

Dated: New York, New York  
August 27, 2024

SO ORDERED.

_____  
**BARBARA MOSES**  
**United States Magistrate Judge**